IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BILL M. BAILEY                                                                                PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:18-CV-171-MPM-RP

FEDERATED RURAL ELECTRIC
INSURANCE EXCHANGE                                                                    DEFENDANT

## ORDER

This cause comes before the court on the competing motions of plaintiff Bill Bailey and defendant Federated Rural Electric Insurance Exchange ("Federated") for summary judgment, pursuant to Fed. R. Civ. P. 56. The court, having considered the memoranda and submissions of the parties, concludes that defendant's motion should be granted and that plaintiff's motion should be denied.

This is an uninsured motorist case involving an important issue of Mississippi law which, during the pendency of summary judgment briefing, was resolved adversely to plaintiff's position by the Fifth Circuit. In *McGlothin v. State Farm Mut. Ins. Co.,* 925 F.3d 741, 748 (5th Cir. 2019), the Fifth Circuit held, under facts very similar to those here, that a plaintiff was not entitled to recover UM benefits arising out of an accident in which he was injured by a Biloxi fireman. In so concluding, the Fifth Circuit emphasized that, since the parties stipulated that the fireman had not acted with "reckless disregard" within the meaning of the Mississippi Tort Claims Act ("MTCA"), the plaintiff was not "legally entitled to recover" benefits from the driver or owner of the uninsured vehicle, and, thus, was not entitled to recover uninsured motorist benefits either. *See* Miss. Code Ann. § 11-46-9(1)(c)(requiring that the plaintiff demonstrate "reckless disregard" in cases involving law enforcement defendants). This ruling is very helpful to defendant in this case since the alleged tortfeasor here, a Lafayette County Sheriff's Deputy,

1

was found by a Mississippi state court to have not acted with "reckless disregard" so as to subject him (or his employer) to liability under the MTCA. [Defendant's Exhibit B at 3].

The factual scenarios in this case and in *McGlothin* appear to be virtually identical, so much so that plaintiff has conceded that the Fifth Circuit's opinion defeats his statutory construction argument in this case. [Sur-rebuttal brief at 2]. In spite of this concession, plaintiff has not completely admitted defeat in this case, since he also seeks recovery based upon alleged ambiguities in the specific language of the UM policy in this case. Plaintiff maintains that these arguments survive *McGlothin*, writing that:

> 4. *McGlothin* has nothing to do with the issue of ambiguity of the underlying policy raised by Plaintiff. *McGlothin* does not address the issue of whether the policy in this case is ambiguous, such that it must be construed against Defendant.
>
> 5. As pointed out in Plaintiff's Memorandum Brief in support of his Motion for Partial Summary Judgment, an insurance policy is ambiguous where it is susceptible to two or more reasonable meanings. *Miss. Farm Bureau Cas. Ins. Co. v. Britt*, 826 So. 2d 1261, 1265 (Miss. 2002). If the policy is ambiguous, it must be construed in favor of the insured and in favor of extending coverage. *United States Fid. & Guar. Co. v. Omnibank*, 812 So. 2d 196, 198 (Miss. 2002) (citing *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 662 (Miss. 1994)).
>
> 6. The policy in this case provides for coverage in this case as follows: "Uninsured motor vehicle" means a land motor vehicle or trailer * * * Owned or operated by a person protected by immunity under the Mississippi Tort Claims Act, if the "insured" has exhausted all administrative remedies under that Act.
> (Federated Policy, Exhibit "F" at p. 11).
>
> 7. However, in another section of the policy, the policy provides that the insured must be "legally entitled to recover" from the owner or driver of an "uninsured motor vehicle" in order to be entitled to coverage.
>
> 8. As argued in Plaintiff's Motion for Partial Summary Judgment, Plaintiff contends these provisions can be harmonized to extend coverage. The provisions clearly implicate coverage when the insured is injured by the negligence of a driver protected from liability for ordinary negligence under the Mississippi Tort Claims Act. However, even if they are not read to provide coverage, the two provisions at least render the policy ambiguous.
>
> 9. There would be no reason whatsoever for the policy to define "uninsured motor vehicle" to include an automobile protected by the Mississippi Tort Claims Act unless there was coverage for accidents caused by such immune drivers.

> 10. Even if *McGlothin* becomes the law, and the Mississippi Uninsured Motorist Act does not compel coverage, the policy in this case is at least ambiguous in this regard. Because the policy is ambiguous as to whether there is coverage, the policy should be strictly construed against Defendant and in favor of Plaintiff. Based on such a construction, and regardless of the outcome of *McGlothin*, the Court should deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion for Summary Judgment.

[sur-rebuttal brief at 2-3].

Plaintiff's argument is lacking in supportive precedent (outside of generalized principles of contract construction), and, more importantly, it flies in the face of the Fifth Circuit's reasoning in *McGlothin*. This is because, in *McGlothin*, the Fifth Circuit directly refuted plaintiff's argument that "[t]here would be no reason whatsoever for the policy to define 'uninsured motor vehicle' to include an automobile protected by the Mississippi Tort Claims Act unless there was coverage for accidents caused by such immune drivers." Indeed, the alleged inconsistencies of which plaintiff complains are also found in the UM statutes themselves, and, as discussed below, the Fifth Circuit found in *McGlothin* that there were, in fact, situations where the allegedly contradictory statutory provisions could each be given effect. Given this finding by the Fifth Circuit, it is unclear why these factual scenarios would not likewise render virtually identical policy provisions internally consistent.

In issuing its holding in *McGlothin*, the Fifth Circuit reversed a ruling by Judge Guirola which had found that a 2009 amendment to Mississippi's UM statute which re-defined an "uninsured motor vehicle" as, *inter alia*, "a vehicle owned or operated by a person protected by immunity under the MTCA" created a statutory ambiguity which needed to be resolved in favor of the insured. *See McGlothin v. State Farm Mut. Ins. Co.*, 297 F. Supp. 3d 635, 638 (S.D. Miss. 2018), *citing* Miss. Code. Ann. § 83-11-103(c)(vi). Judge Guirola found that, since the Legislature had amended the UM statute to specifically define an "uninsured motor vehicle" as

3

including one operated by an individual with MTCA immunity, that specific statutory provision overrode the more general requirement that the insured be "legally entitled to recover" from the tortfeasor. *See* Miss. Code. Ann. § 83-11-103(1). Specifically, Judge Guirola wrote that:

> An insured would never be "legally entitled to recover" damages from a person or entity entitled to immunity under the Mississippi Tort Claims Act. Therefore, the two statutes are repugnant, and the only way to carry out the Mississippi Legislature's intent in enacting Miss. Code Ann. § 83–11–103(c)(vi) is to view it as an exception to Miss. Code. Ann. § 83–11–101(1).

*McGlothin*, 297 F. Supp. 3d at 638.

In reversing Judge Guirola's ruling, the Fifth Circuit disagreed that the two statutes were mutually repugnant, since it found that there were, in fact, scenarios in which both statutory provisions might be operative. Specifically, the Fifth Circuit wrote that:

> There are scenarios in which §§ 83-11-101(1) (policy requirement) and 83-11-103(c)(vi) (uninsured-motor-vehicle definition) can be construed in harmony. For example, consider a hypothetical using the facts of this case, but in which the fireman *was* acting in reckless disregard for McGlothin's safety. The fire-department vehicle would still be an "uninsured motor vehicle" because it was "operated by a person protected by immunity under the [MTCA]"—the fireman. But, because, in this hypothetical, the fireman was acting in "reckless disregard" for McGlothin's safety, McGlothin would be "legally entitled to recover" damages from the fire department or the city, pursuant to MTCA § 11-46-9(1)(c) (police-and-fire-protection immunity clause); and, therefore, McGlothin would be entitled to UM benefits under the statute and policy. This scenario alone defeats McGlothin's claim.
>
> Another example would be when a city employee (not a fireman or police officer protected by the police-and-fire-protection immunity clause of the MTCA, § 11-46-9(1)(c)) is driving a city vehicle in the course and scope of his employment and is involved in an accident caused by the city employee's violating a traffic law. The employee would have immunity pursuant to MTCA § 11-46-7(2) (government-employee immunity clause), and, therefore, the vehicle would be an "uninsured motor vehicle" because it was "operated by a person protected by immunity under the [MTCA]", *see* § 83-11-103(c)(vi) (uninsured-motor-vehicle definition). The city, however, would be liable, because of the general waiver of immunity under MTCA § 11-46-5(1); and, therefore, the insured would be "legally entitled to recover" from the city, resulting in the insurer's being required to pay UM benefits. *See Mixon v. Miss. Dep't of Transp.*, 183 So. 3d 90, 94 (Miss. Ct. App. 2015) (ruling the department was not immune because its employee "did not fall within [any] exception[ to liability], and [the employee's] duty to adhere to applicable traffic regulations was in no way discretionary").

4

> When pressed at oral argument here, McGlothin countered these scenarios render § 83-11-103(c)(vi) (uninsured-motor-vehicle definition) meaningless, because, in them, the governmental entity's insurance, in any event, would pay the claim. However, as State Farm notes, the MTCA only waives immunity up to $ 500,000. *See* Miss. Code Ann. § 11-46-15(1)(c). Therefore, for any claim in excess of $ 500,000 for which the governmental entity has waived immunity, the governmental entity's insurance would pay up to $ 500,000, and then the insured's UM carrier would be liable for any remainder. *See*, *e.g.*, *City of Jackson v. Perry*, 764 So. 2d 373, 381–83 (Miss. 2000) (holding insurer required to pay remainder of damages above statutory cap).
> That these scenarios may not occur very often does not, of course, render the two sections repugnant.

*McGlothin*, 925 F.3d at 747–48.

In his (very short) sur-rebuttal brief, plaintiff fails to explain how these factual scenarios set forth by the Fifth Circuit in *McGlothin* can be reconciled with his policy-based arguments in this case. While the Fifth Circuit in *McGlothin* acknowledged that the factual scenarios which it discussed are uncommon, it found that they do, in fact, exist. If plaintiff wishes for this court to disregard this binding precedent from the Fifth Circuit, then it is incumbent upon him to explain exactly how these factual scenarios do not likewise render the policy provisions non-repugnant. Plaintiff has failed to do so, and he has therefore given this court no basis upon which it might find *McGlothin* inapplicable.[1]

In his briefing, plaintiff seeks to benefit from alleged ambiguities in the policy, but the language in the policy seems clear enough, and, once again, the Fifth Circuit found that nearly identical statutory language was not internally inconsistent. Moreover, it seems clear to this

---

[1] This court notes parenthetically that, while *McGlothin* alone is dispositive in this case, Mississippi state courts have reached similar results. In *Rayner v. State Farm Mutual Automobile Insurance Company*, 2011 Miss. LEXIS 341 (Miss. July 21, 2011), for example, the Mississippi Supreme Court issued a per curiam affirmance of a trial court's ruling in favor of a UM carrier in this context. A state circuit judge similarly sided with a UM carrier in this context. *See Williams v. State Farm Mut. Auto. Ins. Co.,* No L12-545 (Lafayette County Cir. Ct. Oct. 16, 2014). While noting these decisions, the Fifth Circuit in *McGlothin* found that neither of them constituted binding published authority and therefore conducted its own analysis of the issues. *Id.* at 746.

5

court that defendant's intent in drafting the policy was simply to incorporate Mississippi law into its provisions. Indeed, § 83-11-103(c)(vii) partly defines the term "uninsured motor vehicle" as follows:

> (vi) A motor vehicle owned or operated by a person protected by immunity under the Mississippi Tort Claims Act, Title 11, Chapter 46, Mississippi Code of 1972, if the insured has exhausted all administrative remedies under that chapter.

For its part, the policy in this case contains an essentially identical provision which defines the term "uninsured motor vehicle" as including a vehicle:

> f. Owned or operated by a person protected by immunity under the Mississippi Tort Claims Act, if the "insured" has exhausted all administrative remedies under the Act.

[Defendant's Exhibit A at 9].

Clearly, there is no substantive difference between these two provisions. That being the case, this court can discern no reason why defendant should, in effect, be punished for attempting to conform its policy to Mississippi law by applying a different construction to the policy's definition of "uninsured motor vehicle" than is applied to the statutory language itself. In its brief, defendant notes that the relevant UM provisions in its policy were actually *required* by statute, and this certainly tracks this court's experiences in dealing with UM policies in this state. [Reply brief at 9]. It seems clear that, in Mississippi, the requirements of the UM statute and the provisions in UM policies are essentially one and the same, and it is thus illogical to argue that defendant should not be able to rely upon the Fifth Circuit's opinion in *McGlothin* merely because it did what Mississippi law required it to do and incorporated the statutory language into its policy. It seems clear to this court that serious practical difficulties would arise if insureds were able to circumvent adverse rulings interpreting the UM statutes by converting their statutory construction arguments into policy construction arguments, and it seriously doubts that the Fifth Circuit intended for its opinion in *McGlothin* to be so easily negated.

These considerations aside, the policy in this case explicitly states, in its first paragraph, that "[w]e will pay all sums the 'insured' is legally entitled to recover from the owner or driver of an 'uninsured motor vehicle.'" The policy thus clearly indicates that the insured must demonstrate *both* the existence of an uninsured motor vehicle and his legal ability to recover against the owner or driver of that vehicle. This court can discern no ambiguity in this regard, since it makes clear that simply proving the existence of an uninsured motor vehicle is insufficient to permit recovery of UM benefits. In this case, it is undisputed that a state court found that the alleged tortfeasor had not acted with the requisite degree of fault to allow plaintiff to recover under the MTCA. Thus, plaintiff is unable to demonstrate that he is "legally entitled to recover" from the owner or driver in this case, and the mere fact that an "uninsured motor vehicle" may have been involved is plainly insufficient to entitle him to UM benefits. Defendant's motion for summary judgment is therefore due to be granted.

It is therefore ordered that defendant's motion for summary judgment is granted, and plaintiff's motion for partial summary judgment is denied.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 26th day of September, 2019.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE